————o————

No. 7029.

## CHARLES MELITO v. GASPAR PRETRI.

### Syllabus.

When a lessor, with full knowledge of all the facts, acquiesces in a course of conduct of his tenant violative of the terms of the lease, he cannot thereafter without previous notice to his tenant suddenly change his attitude and claim a forfeiture of the lease on the ground of these past violations.

Appeal from the Civil District Court for the Parish of Orleans, No. 118,282, Division "D"; Honorable Porter Parker, Judge. Affirmed.

J. Rosenberg, for plaintiff and appellee.

Benjamin Ory, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is a suit by a lessee to compel defendant, the landlord, to specifically perform a stipulation of a two year lease existing between them to the effect that "the lessee

350

is hereby given the privilege of a two year renewal at the expiration of this lease."

The defense is that plaintiff has forfeited his right of renewal because during the term of the lease he had violated its provisions.

These alleged violations of the letter of the lease, such as the sublease of an unimportant portion of the property, the erection of signs upon the shed, the trivial alterations made in the premises, etc., even if they constituted technically violations of the contract, were nevertheless inaugurated and continued in the full view and with the complete knowledge of defendant, who apparently not only fully acquiesced therein but for many months thereafter continued to accept the rent without protest and without conveying to plaintiff the slightest intimation that he objected thereto or would attempt to abrogate the contract on that account. In fact it was not until plaintiff had, upon the eve of the expiration of the lease, notified defendant that the option of renewal would be exercised, that the latter for the first time insisted that this or any other right or privilege under the lease had been forfeited.

It is clear that defendant cannot now exact a rescission of the lease at this late date when plaintiff is without opportunity to avoid the consequences of his actions which have been so long acquiesced in by defendant without protest or notice.

> *Bacas v. Mandot, 3 Ct. of App., 324.*
> *Sieward v. Denechaud, 120 La., 720.*

We do not intimate that plaintiff would hereafter be authorized, after due notice from defendant, to commit or continue any act violative of the conditions of the. written lease or its renewal, but we simply hold that presently defendant has estopped himself from urging that the

351

right of renewal upon the same terms of the existing lease has been forfeited.

We find no error in the judgment and it is accordingly affirmed.

Affirmed.

Opinion and decree, April 2nd, 1917.